## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-51-011-CVE |
| | ) | |
| CECILIA LORENA BONILLA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is the Motion of Defendant Cecilia Lorena Bonilla Seeking Review

Pursuant to 18 U.S.C. § 3145(B) of Magistrate Judge's Order of Detention Pending Trial (Dkt. # 72).

The government filed a motion (Dkt. # 35) asking the Court to detain defendant pending trial and

hearings were held before Magistrate Judge Paul J. Cleary on April 3 and 7, 2008.  Defendant was

permitted to call an additional witness on April 7, 2008, and the magistrate judge ruled on the

government's motion for detention at that time.  He found that defendant should be detained

pursuant to 18 U.S.C. § 3142(e), because she was charged with an offense under the Controlled

Substances Act, 18 U.S.C. § 801 et seq., that carried a maximum sentence of ten years or more.  He

further found that defendant had not presented evidence rebutting the presumption of detention.

Under 18 U.S.C. § 3145(b), a criminal defendant who has been detained pending trial may

file "with the court having original jurisdiction over the offense, a motion for revocation or

amendment of the order."  The Tenth Circuit requires this Court to conduct de novo review of a

magistrate judge's detention order.  United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir.

2003).  A district court has the discretion to hold an evidentiary hearing if it determines that

additional evidence is necessary or it may rule on the written pleadings and evidence if the factual

record is sufficient.  United States v. King, 849 F.2d 485, 490-91 (11th Cir. 1988); United States v. Williams, 753 F.2d 329, 334 (4th Cir. 1985).  The Court has reviewed the pleadings, as well as the transcripts (Dkt. ## 76, 90) of and exhibits introduced at the detention hearings, and finds that an evidentiary hearing on defendant's motion is not required.

The government invoked the presumption of detention, pursuant to 18 U.S.C. § 3142(e), that no conditions of release will assure defendant's appearance and the safety of the community.  See 18 U.S.C. § 3142(e) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . .").  When the government invokes the presumption of detention, the burden shifts to the defendant to produce evidence rebutting the presumption. United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991).  The defendant's burden of production is not heavy, but some evidence must be produced.  Id. at 1355.  Even if the defendant satisfies his or her burden of production, "the presumption remains a factor for consideration by the district court in determining whether to release or detain."  Id.  At all times, the burden of persuasion remains with the government.  United States v. Cook, 880 F.2d 1158, 1162 (10th Cir. 1989).

At the detention hearing, the government presented the testimony of two witnesses.  Jared Yates, a special agent for the Bureau of Alcohol, Tobacco and Firearms, testified that he has been investigating the Bonilla drug organization for two and a half years.  Dkt. # 76, at 7.  The alleged leader of the organization is Manuel Bonilla, and Cecilia Lorena Bonilla ("Cecilia Bonilla") is his sister.  Id. at 14-15. Yates believes that Manuel Bonilla is currently in Mexico and, due to the

significant sentence Cecilia Bonilla faces if convicted in this case, that she is likely to flee to Mexico to stay with her brother if released. Id. at 88. The government produced pictures of Cecilia Bonilla with Manuel Bonilla in March or April 2006, and Yates testified that he believed the pictures were taken in Mexico. Id. at 88-89. He also noted that Cecilia Bonilla is currently unemployed. Robert Perjatel, a special agent for Immigration and Customs Enforcement, also testified at the detention hearing. He testified that Cecilia Bonilla is a United States citizen by birth and her citizenship status is not in jeopardy because of the pending criminal charges. The Court has also reviewed the exhibits presented at the detention. Yates interviewed co-defendant Holly King ("King"), an alleged transporter for the Bonilla drug organization. Plaintiff's Ex. 3. King stated that Cecilia Bonilla was present when King met with Mario Bonilla and Cecilia Bonilla drove King to pick up money on one occasion. Id. at 3-4. Yates also interviewed Mario Bonilla, and he alleged that Cecilia Bonilla knew about the drug conspiracy and packaged money for transportation to Mexico. Plaintiff's Ex. 4, at 5. Mario Bonilla's fiance, Prisma V. Ortiz ("Ortiz"), stated the Cecilia and Mario Bonilla maintained a safety deposit box at Bank of America, and Cecilia Bonilla told Ortiz that the box contained $20,000 wrapped in duct tape. Plaintiff's Ex. 5, at 4.

Cecilia Bonilla presented the testimony of Teresa Dorsey ("Dorsey"), an instructor at the Oklahoma Health Academy ("OHA"), a sister school to Platt College. Dorsey is the coordinator of the dental assistant program at OHA and was Cecilia Bonilla's lab instructor at OHA. She believes that Cecilia Bonilla is trustworthy and she thought that Cecilia Bonilla would appear in court if released prior to trial. On cross-examination, Dorsey acknowledged that she had known Cecilia Bonilla for only eight months. She was surprised that Cecilia Bonilla was charged with participating in a drug conspiracy and, if Cecilia Bonilla had been part of conspiracy to distribute

3

drugs, she admitted that this would change her opinion as to whether Cecilia Bonilla would appear in court.  Dkt. # 90, at 9-10.

The magistrate judge granted the government's detention motion.  Dkt. # 60.  He found that defendant had not rebutted the presumption of detention and, even if she had, he would still consider her a flight risk.  He stated:

> But the problem I've got here is -- comes down to the flight-risk issue.  And I've now got a defendant who has one brother, Mario, in custody; her mother in custody; her stepfather in custody; two sisters, it looks like, in custody; a sister-in-law in custody.  The only relative I know of that's out there is the brother that's in Mexico. We've got strong evidence here of this woman's involvement in this drug operation, facing significant jail time.  And I just find that given the evidence, there is strong evidence of flight risk.  I don't think you've even rebutted the presumption here.  But in any event, unfortunately, given the situation and the fact that the closest relative that's still out there now is the brother that's hiding out in Mexico, allegedly, I don't think there's conditions that will work here, just as with Michelle Bonilla [sic].
>
> So I'm going to sustain the government's motion for detention, reluctantly perhaps, but I think, under the circumstances, that's the -- that's what the case calls for.  Ms. Dorsey's testimony, while it is helpful, I think, to the defendant's character, doesn't really help me with the issue of flight risk.  And there's still the sticking point on all of this, facing a ten-year to life sentence.  Given the way -- the evidence that we've heard from prior testimony and the fact that so many of her relatives now are in custody and one brother is in Mexico, it would seem to me to be logical that that's where one would head.  And I think the presumption here, as well as the evidence, supports detention.

Dkt. # 90, at 12-13.

Defendant argues that the government has not proven that Cecilia Bonilla is a flight risk. She claims that she was mentioned only twice in a 44 page indictment and, at most, she was a minor participant in the alleged drug conspiracy.  She also relies on Dorsey's testimony to show that she is a responsible person who could be trusted to appear in court.  The government responds that Cecilia Bonilla has not rebutted the statutory presumption of detention and the government has produced evidence establishing she is a flight risk.

4

The Court has independently reviewed the pleadings and the transcripts and exhibits introduced at the detention hearings, and finds that defendant has not rebutted the presumption of detention.  At the detention hearings, the government produced evidence linking Cecilia Bonilla to the alleged drug conspiracy and, in particular, to her brother, Manuel Bonilla.  Defendant is charged with participating in a conspiracy to distribute cocaine, marijuana, and methamphetamine, and she faces a mandatory minimum sentence of ten years and a maximum sentence of life.  21 U.S.C. § 841(b)(1)(A).  Because the government has invoked the presumption of detention, defendant must produce some evidence to rebut this presumption.   As the magistrate judge noted, Dorsey's testimony was relevant to defendant's character but it does not assist the Court in determining if defendant is a flight risk.  Aside from Dorsey's testimony, defendant has not offered any other evidence and, therefore, she has not met her burden of production to rebut the presumption of detention.   The Court also finds that the government has presented evidence establishing that defendant is a flight risk.  Defendant's argument that she was a minor participant in the alleged drug conspiracy is not relevant because, regardless of her level of involvement, she faces a significant prison sentence if convicted.  The government has also presented evidence that defendant's brother, Manuel Bonilla, is in Mexico.  Considering that many of defendant's relatives with local ties are in federal custody and she is currently unemployed, it is reasonable to assume that defendant would attempt to flee to her brother in Mexico.  Based on the presumption of detention and the evidence, the Court finds that defendant should be detained pending trial.

**IT IS THEREFORE ORDERED** that the Motion of Defendant Cecilia Lorena Bonilla Seeking Review Pursuant to 18 U.S.C. § 3145(B) of Magistrate Judge's Order of Detention Pending Trial (Dkt. # 72) is **denied**.

5

**DATED** this 12th day of May, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT